Matter of Stavin (2021 NY Slip Op 04665)





Matter of Stavin


2021 NY Slip Op 04665


Decided on August 11, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
COLLEEN D. DUFFY, JJ.


2020-07870

[*1]In the Matter of Richard A. Stavin, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Richard A. Stavin, respondent. (Attorney Registration No. 1024314)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 22, 1975. By order to show cause dated December 10, 2020, the respondent was directed to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Supreme Court of the State of California, filed October 1, 2008.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.



PER CURIAM.


OPINION & ORDER
By order of the Supreme Court of the State of California (hereinafter the Supreme Court of California) filed October 1, 2008, the respondent was suspended from the practice of law in that court for a period of two years, execution of the suspension was stayed, and the respondent was placed on probation for a period of two years on condition that he be actually suspended for 30 days.
Supreme Court of California Discipline 
In late May 2008, the respondent, his counsel, and counsel for the State Bar of California executed a stipulation of facts, conclusions of law, and disposition in Matter of Richard A. Stavin , case no. 06-O-13674 (hereinafter the stipulation).
The stipulation provided, in relevant part, as follows: The respondent, Richard Alan Stavin, was admitted to the practice of law in the State of California on February 22, 1989. He was admitted to the practice of law in the State of New York on October 22, 1975, and was employed as an Assistant District Attorney and an Assistant Attorney General until 1986, when he relocated to the State of California. The respondent stipulated that he had no history of discipline while practicing law in New York and remained an active member in good standing in New York.
On October 21, 2002, the respondent contacted Michael M. Sampsel to consider retaining him as an engineering consultant and possible expert witness regarding personal water craft in a maritime matter entitled Old United Ins. Co. v Hydrohoist Intl. , filed in the Orange County Superior Court (hereinafter the Hydrohoist matter). The respondent was counsel for the plaintiff in the Hydrohoist matter. Sampsel informed the respondent that before an attorney may designate him as an expert, he required a signed written agreement and the advanced fee of a minimum of $600. [*2]Sampsel faxed the respondent a curriculum vitae, consulting services agreement, and fee schedule. To retain Sampsel, the respondent had to sign the agreement and forward a $600 advanced case fee to Sampsel.
On October 31, 2002, the respondent served the expert designation in the Hydrohoist matter. On November 18, 2002, Sampsel received the signed agreement and advanced fee and was formally retained. Thereafter, the Hydrohoist matter concluded. After the respondent paid Sampsel's invoice in full on July 31, 2003, the respondent and Sampsel had no further contact.
In February 2005, the respondent was counsel for the plaintiff in a matter entitled Nunez v Weiford , filed in the San Diego County Superior Court (hereinafter the Nunez matter). With respect to the respondent's conduct in the Nunez matter, the stipulation provides as follows:
"13. On February 17, 2005, Respondent served a document entitled Plaintiff's Designation of Expert and/or Percipient Witness Information and Production of Documents (the 'expert designation'). Respondent signed the declaration, which was part of the expert designation, under penalty of perjury under the laws of the State of California indicating that the facts stated in his declaration were true and correct.
"14. The expert designation listed Sampsel as plaintiff's designated expert. The expert designation stated that Sampsel had agreed to testify at trial and was sufficiently familiar with the pending action to submit to a meaningful oral deposition, including his expert opinion and the basis thereof. The expert designation listed a narrative statement of the general substance of the testimony that Sampsel was expected to give at trial. None of the representations made by Respondent in the expert designation with respect to Sampsel were true.
"15. As of February 17, 2005, Respondent had not signed an agreement with Sampsel nor paid Sampsel an advanced fee with respect to the Nunez matter. Nor had Sampsel agreed to act as expert witness for plaintiff in the Nunez matter. Nor had Sampsel agreed to testify in that matter. Respondent had not discussed the Nunez matter with Sampsel. Nor had Sampsel reviewed any documents regarding the Nunez matter.
"16. When Respondent made the representations in the expert designation under penalty of perjury, Respondent knew that Sampsel had not been retained as the plaintiff's expert in the Nunez matter.
"17. On February 17, 2005, Respondent served the expert designation by mailing the expert designation to Michael A. Paskowitz ('Paskowitz'), counsel for defendant Dwayne Weiford in the Nunez matter.
"18. On February 21, 2005, Paskowitz retained Sampsel as a consultant and expert witness for defendant Dwayne Weiford in the Nunez matter.
"19. On Wednesday, February 23, 2005, Paskowitz received Respondent's February 17, 2005 expert designation.
"20. On or about Thursday, February 24, 2005 or Friday, February 25, 2005, Paskowitz contacted Respondent to inform Respondent that Paskowitz had retained Sampsel. During the conversation, Respondent immediately withdrew the expert designation.
"21. On Monday, February 28, 2005, Respondent served his amended expert designation designating another expert witness in the Nunez matter."
As to the conclusion of law, the respondent stipulated that
"[b]y misrepresenting under penalty of perjury that Sampsel had agreed to testify at [*3]trial as plaintiff's designated expert witness in the Nunez matter, that Sampsel was sufficiently familiar with the pending action to submit to a meaningful oral deposition, and by providing a summary of the general substance of Sampsel's testimony, Respondent committed an act or acts involving moral turpitude in wilful violation of Business and Professions Code section 6106."
Mitigation 
The parties stipulated to various mitigating factors, including that the respondent had no prior discipline during a 16-year period in California; the respondent believed he would be able to retain Sampsel in the Nunez matter; no harm was caused to opposing counsel because the respondent quickly withdrew the designation and designated a different expert; he cooperated and admitted the misconduct in response to an inquiry by the State Bar; he sent letters of apology to all involved parties and states that he was humbled by the experience; the respondent expressed remorse; and the respondent had more than 14 years of discipline-free practice in New York, and more than 3 years of discipline-free practice since his misconduct. The respondent provided six character references attesting to his moral character and skill in the practice of law. The respondent also stipulated that he has an excellent reputation in the legal community and general community, having participated in significant community and religious activities.
Based on the mitigating circumstances presented, the respondent stipulated that an "actual suspension of thirty days is an appropriate disposition."
State Bar Ethics School 
The respondent agreed to attend State Bar Ethics School.
Supreme Court of California Order 
By order dated June 3, 2008 (filed June 5, 2008), the Honorable Donald F. Miles, State Bar Court of California, Hearing Department, County of Los Angeles (hereinafter Hearing Department), approved the stipulated facts, disposition, and discipline recommended to the Supreme Court of California.
By order filed October 1, 2008, the Supreme Court of California suspended the respondent from the practice of law for a period of two years, execution of the suspension was stayed, and the respondent was placed on probation for a period of two years on condition that he actually be suspended for 30 days. The respondent was ordered, inter alia, to comply with the other conditions of probation recommended by the Hearing Department of the State Bar Court in its Order Approving Stipulation filed June 5, 2008. The respondent was also ordered to take and pass the Multistate Professional Responsibility Examination (MPRE) within one year after the effective date of the order. The respondent was ordered to pay costs. The respondent was suspended as of December 1, 2008.
Reinstatement in California 
The respondent was reinstated as of December 31, 2008. Since December 31, 2008, the respondent has been in good standing and an active member of the State Bar of California.
Order to Show Cause 
On October 20, 2020, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts provided this Court with information about the respondent's discipline in California.
By order to show cause dated December 10, 2020, this Court directed, inter alia, the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Supreme Court of California filed October 1, 2008, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.
The Grievance Committee served the respondent by email, upon consent, on December 14, 2020, and filed an affidavit of service on December 21, 2020. To date, the respondent has not responded to the Court's order to show cause dated December 10, 2020. Nor has the respondent requested additional time in which to respond.
Findings and Conclusions of Law 
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted based on the discipline imposed by the Supreme Court of California. In view of the circumstances of this case, including the extensive mitigation, we conclude that the appropriate [*4]sanction is a public censure.
LASALLE, P.J., MASTRO, RIVERA, DILLON and DUFFY, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Richard A. Stavin, is publicly censured.
ENTER:
Aprilanne Agostino
Clerk of the Court